UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARTIN REYES,**<br><br>      Petitioner,<br><br>      v.<br><br>**R. THOMPSON, WARDEN,**<br><br>      Respondent. | Case No. 24–cv–07052–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on petitioner Martin Reyes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) Respondent Warden Thompson opposes the Petition and argues that it is moot. (ECF No. 11.) For the following reasons, I will dismiss the Petition as moot.

    Petitioner submitted the Petition on June 17, 2024. (ECF No. 1.) He argues that the Bureau of Prisons (Bureau) improperly denied him good time credits that he was entitled to under the First Step Act (Act). (*Id.* p. 7.) He claims Bureau staff at FCI Fort Dix (Fort Dix) improperly placed him into "refusal" status, making him ineligible for credits. (*Id.*) On August 6, 2024, I ordered respondent to file an answer to the Petition. (ECF No. 4.) Respondent filed an answer on October 23, 2024 that indicated petitioner's projected release date was December 16, 2025. (ECF No. 8–8 p. 2.)

    On August 4, 2025, I issued a text order noting that the Bureau's online Inmate Locator indicated that petitioner was released from the Bureau's custody on July 29, 2025. (ECF No. 10.) I ordered respondent to verify petitioner's status and address the potential mootness of the Petition. (*Id.*)

On August 18, 2025, respondent confirmed that petitioner had been released from custody on July 29, 2025, making the Petition moot. (ECF No. 11.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Petitioner has completed his custodial sentence and been released. (ECF No. 11.) I cannot grant petitioner further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. *United States v. Johnson*, 529 U.S. 53 (2000); *DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting *Johnson*)). Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: August 19, 2025